UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:                                           Chapter 13
                                                 Case No: 20-60235
MICHAEL G. GAMELA

               Debtor(s)                **MOTION TO VACATE ORDER ON DEFAULT**

_____

Meade H. Versace, Esq. hereby affirms:

(1) Your affiant is the attorney for the Debtor, Michael G. Gamela. The object of this motion is to vacate an order lifting the automatic stay entered on default, April 26, 2023.

## BACKGROUND

(2) The Debtor filed a Chapter 13 Bankruptcy on March 2, 2020.

(3) At the time of filing, the Debtor was the owner of real property located at 23 Brainard Street, Whitesboro, New York.

(4) The Debtor entered into the Chapter 13 bankruptcy for the purpose of preventing the loss of his home to foreclosure. The Debtor was paying the mortgage arrears through the plan and post-petition payments were made directly to the mortgage company.

(5) The Debtor's Chapter 13 plan payment was $1,250.00 per month. The ongoing mortgage payment was $789.53 per month.

(6) Debtor had paid $800.00 per month to the mortgage company, rather than $789.53.

(7) On February 15, 2023, a Motion to Lift the Automatic Stay was filed by Selene Financing, alleging that the Debtor had post-petition mortgage arrears in the amount of $2,640.25.

(8) The Debtor had missed mortgage payments in June of 2020, January of 2022 and May of 2022.

(9) The Debtor continued to make mortgage payments each month, from February 2023 to present, in the amount of $800.00 and Selene Financing accepted said payments. See attached Exhibit "A", Americu Bank Statements from February 2023-May 2023 showing mortgage payments.

(10) Due to a breakdown in communication, an answer to the Motion to Lift Stay was not filed.

(11) On April 26, 2023, an order was entered on default, Lifting the Stay on the Debtor's home.

(12) On July 6, 2023, Debtor informed counsel that a foreclosure auction had been scheduled for July 18, 2023.

(13) This is the Debtor's primary residence that he has owned since 2011.

## ARGUMENT

(14) Per Federal Rule of Civil Procedure 55 (c), "the Court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60 (b)(1) FRCP, claiming "excusable neglect" in failing to answer.

(15) In this case, due to a breakdown in communication, an answer was not imposed.

(16) The Courts have also considered a "three prong test", in determining whether or not a default judgment should be vacated under Rule 60 (b), the Court has discretion to vacate an order entered on default with a showing of "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *De Curtis v. Ferrandina,* 529 F. App'x 5, 86 (2nd Cir. 2013).

## WILLFULNESS OF THE DEBTOR IN DEFAULT

(17) The Debtor's default was not willful. Upon information and belief, Debtor believed his mortgage payments were current. The motion was based on three prior payments that were inadvertently missed.

(18) Since the Debtor believed he was current, he did not address the Motion. Selene Financing continued to accept funds.

## MERITORIOUS DEFENSE

(19) In defense of the Motion to Lift the Automatic Stay, the Debtor is able to satisfy the $2,640.25 in arrears. Furthermore, he has continued to make monthly payments, despite the Lift Stay order of April 26, 2023 and Selene Financing has continued to accept said payments.

## PREJUDICE TO SELENE FINANCING

(20) If the order Lifting the Automatic Stay is vacated and Debtor continues to make his ongoing Plan and post-petition payments, there would be no prejudice to the mortgage company.

(21) The Debtor has made over $40,000.00 in payments to his Chapter 13 plan to save his home. Selene Financing has received payments both through the bankruptcy plan and from the debtor directly. Debtor is able to pay the $2,640.00 required to make the post-petition arrears current.

## CONCLUSION

(22) Per *Crawford v Nails on 7th by Jenny Inc.,* "Motions to set aside default judgments should be granted liberally" (18 Civ 9849).

(23) Debtor has resided in his home for twelve years and should be afforded the opportunity to satisfy the arrears, in order to retain his home.

(24) Debtor has a substantial amount of funds invested in the Chapter 13 plan and his mortgage.

**WHEREFORE**, the Debtor respectfully requests that the Order Lifting the Automatic Stay entered on April 26, 2023, be VACATED, along with any other relief the Court deems fit and proper.

Dated: July 9, 2023

/s/ Meade H. Versace
Meade H. Versace, Esq.
Attorney for the Debtor
113 Rose Lane
Rome, NY 13440
315-339-8574